```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
```

CENTURUM INFORMATION
OPERATIONS, INC., et al.,

      Plaintiffs,

v.                              CASE NO:  8:10-cv-368-T-33EAJ

HINA SHAH,

      Defendant.
_____/

## **ORDER**

This cause comes before the Court pursuant to Defendant's Opposed Motion to Set Aside Clerk's Entry of Default (Doc. # 32). Plaintiffs filed an Opposition thereto (Doc. # 35).

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[f]or good cause shown the court may set aside an entry of default." Fed. R. Civ. P. 55(c). The Eleventh Circuit has made it clear that "defaults are seen with disfavor because of the strong policy of determining cases on their merits." *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993). Some of the factors that a court may consider in determining whether there is good cause shown for setting aside an entry of default include: (1) there was excusable neglect on the part of the defaulting party for not answering the complaint; (2) the defaulting party responded

promptly after notice of the entry of default; (3) setting aside the default will not prejudice the non-defaulting party; and (4) the defaulting party had a meritorious defense. Boron v. West Tex. Exports, Inc., 680 F. Supp. 1532, 1536 (S.D. Fla. 1988), aff'd, 869 F.2d 1500 (11th Cir. 1989); see also Compania Interamericana Export-Import, S.A. v. Compania Dominicana, 88 F.3d 948, 951 (11th Cir. 1996).

The Court finds that a majority of these factors have been met in the case at bar, and good cause for setting aside the entry of default has been established by Defendant Hina Shah.

Accordingly, it is **ORDERED, ADJUDGED, and DECREED:**

(1) Defendant's Opposed Motion to Set Aside Clerk's Entry of Default (Doc. # 32) is **GRANTED**.

(2) The Clerk is directed to set aside the clerk's entry of default (Doc. # 13).

(3) Defendant shall file its response to Plaintiffs' complaint by **June 7, 2011**.

(4) Plaintiffs' Motion for Default Judgment (Doc. # 16) is **DENIED AS MOOT**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 17th day of May, 2011.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

3